[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY
Raising two interrelated assignments of error, defendant-appellant Adrian J. Dockery challenges the manifest weight of the evidence adduced, at his jury trial, to support his convictions for aggravated robbery, felonious assault and kidnapping while possessing a firearm and using it as a bludgeon during the commission of the crimes.
The record reveals that in the early morning hours of June 26, 1998, Dockery pointed a handgun at the driver of a vehicle stopped at an intersection. At gunpoint, Dockery commandeered the vehicle. Sitting in the front passenger seat, Dockery brandished the weapon and ordered the victim to drive. During a meandering trip through Cincinnati, Dockery fired the weapon at the driver's side-view mirror and at parking meters, struck the driver with the gun, injuring his teeth and lips, threatened him with death, placed the gun into the driver's mouth, and ultimately placed the car keys in his pocket when the vehicle stopped so that Dockery could seek out a prostitute. The weapon was not recovered.
While Dockery claims his assignments of error challenge the weight of the evidence, the gravamen of his argument is that the state failed to prove (1) that he possessed or used a firearm in the commission of the crimes, (2) that he committed or attempted to commit a theft offense by use of a deadly weapon, and (3) that he committed or attempted to commit felonious assault by use of a deadly weapon. We note that this argument questions the legal sufficiency of the evidence, rather than its weight. See State v.Thompkins (1997), 78 Ohio St.3d 380, 386-387, 678 N.E.2d 541,546-547. "The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different." Id. at 386, 678 N.E.2d at 546.
Our review of the entire record fails to persuade us that the jury, sitting as the trier of fact, clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. Tibbs v. Florida
(1982), 457 U.S. 31, 102 S.Ct. 2211; State v. Thompkins,78 Ohio St.3d at 387, 678 N.E.2d at 546-547. Moreover, the record contains substantial, credible evidence from which the trier of fact could have reasonably concluded that all elements of the charged crimes were proven beyond a reasonable doubt, including the operability of the gun. See State v. Thompkins, paragraph one of the syllabus; see, also, State v. Waddy (1991), 63 Ohio St.3d 424, 588 N.E.2d 819, certiorari denied (1992), 506 U.S. 921,113 S.Ct. 338. The first and second assignments of error are overruled.
Therefore, the judgment of the trial court is affirmed.
 ______________________________ HILDEBRANDT, PRESIDING JUDGE
 GORMAN and WINKLER, JJ.